UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DARREN WHITNEY

               Plaintiff,

              -against-

LISA BERK – BROOKLYN DISTRICT
ATTORNEY'S OFFICE, NEW YORK CITY
DEPARTMENT OF CORRECTIONS,

               Defendants.
----------------------------------X

**MEMORANDUM AND ORDER**

11-CV-5197 (KAM) (JO)

**MATSUMOTO, United States District Judge**:

       On August 10, 2011, plaintiff Darren Whitney ("plaintiff"), appearing *pro se*, filed this action against Assistant District Attorney Lisa Berk of the Brooklyn District Attorney's Office ("ADA Berk") and the New York City Department of Correction ("DOC") (collectively "defendants"), pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York law.[1] (*See* ECF No. 1, Compl.) Plaintiff has asserted no claims against the City of New York. (*See generally id.*) Plaintiff asserts constitutional claims pursuant to Section 1983 against the defendants for false arrest and imprisonment, malicious prosecution, and unlawful deprivation and confinement conditions. (*See generally id.*) Additionally, the complaint alleges that during his confinement, plaintiff was placed on

---

[1] Plaintiff initially filed this action in the Southern District of New York. (*See* ECF No. 2, Compl.) Plaintiff's action was subsequently ordered transferred into the Eastern District of New York on October 19, 2011. (ECF No. 4, Transfer Order.)

administrative lockdown status, during which he was deprived of visitation and telephone privileges, and that certain items of clothing delivered to him disappeared.

Presently before the court is defendants' unopposed motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16, Mot. to Dismiss.) For the reasons discussed below, plaintiff's complaint is dismissed with prejudice for failure to prosecute.

**BACKGROUND**

On or about September 20, 2010, the Brooklyn District Attorney's office charged plaintiff with witness tampering and criminal contempt. (Compl. at 6.)[2] Plaintiff alleges that ADA Lisa Berk, in retaliation, requested an excessive bail amount "to make sure that [he] would remain incarcerated." (*Id.*) Plaintiff also claims that that he was placed on lockdown status and was held in a cell for 23 out of 24 hours a day for ten and a half months at the Manhattan Detention Complex while awaiting trial on the aforementioned criminal charges. (*Id.* at 6-7.) Plaintiff claims that, during his confinement, he was deprived of visitation and telephone calls and that certain items of clothing inexplicably "disappeared." (*Id.*)

---

[2] While the complaint indicates that plaintiff was released on bail in connection with an attempted murder charge prior to being rearrested on September 20, 2010, the complaint is completely silent regarding the disposition of this charge. (*See generally* Compl.)

2

On September 20, 2010, plaintiff filed the instant complaint asserting constitutional claims pursuant to Section 1983 against defendants for false arrest and imprisonment, malicious prosecution, and unlawful deprivation and confinement conditions. (Compl. at 6-7.) Plaintiff alleges that, as a result of the defendants' conduct, plaintiff was traumatized and sustained a "long term damaging effect to [his] psycho [sic]." (Compl. at 9.) Plaintiff seeks $144,000.00 for compensatory and punitive damages. (*Id.*)

On December 29, 2011, the court granted defendants leave to file a motion to dismiss plaintiff's complaint. (*See* Order of Dec. 29, 2011.) Pursuant to the court's briefing schedule, defendants were to serve their motion to dismiss on plaintiff by January 31, 2012, plaintiff was to file his opposition papers on defendants by March 16, 2012, and defendants were to serve their reply papers, if any, on plaintiff by April 6, 2012, the same date by which defendants were directed to file the fully briefed motion with the court. (*See id.*)

Defendants' Rule 12(b)(6) motion seeks dismissal of the complaint on the grounds that: (1) ADA Berk is entitled to absolute prosecutorial immunity from Section 1983 liability; (2) any claim relating to the deprivation of property fails as a matter of law; (3) any claims relating to the deprivation of

3

telephone and visitation privileges do not amount to a constitutional violation; (4) the DOC is a non-sueable entity; (5) to the extent that the Court liberally construes the complaint to include the City of New York as a defendant, plaintiff has failed to allege any facts which demonstrate that his alleged injury was caused by any policy or custom of the City of New York and (6) any causes of action under state law should be dismissed. (ECF No. 18, Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 1-2.)

On April 6, 2012, defendants filed a letter informing the court that, despite having timely served plaintiff with their motion to dismiss, defendants had not received opposition papers or any other correspondence from plaintiff. (*See* ECF No. 15, Ltr. Re: Fully Briefed Mot. at 1.) Additionally, at no time between December 29, 2011, and April 6, 2012 did defendants or the court receive a request for an extension of time to serve and file opposition papers, or any other type of correspondence from plaintiff. (*See id.; see generally* Docket No. 11-CV-5197.) Accordingly, on April 6, 2012, defendants timely filed their unopposed motion to dismiss. (*See* ECF Nos. 16-20.)

On April 10, 2012, the court issued an order *sua sponte* granting plaintiff an extension of time until April 30, 2012 to serve an opposition to defendants' motion to dismiss. (*See* Order of Apr. 10, 2012.) The court also explicitly warned

4

plaintiff that his failure to serve opposition papers by April 30th would result in defendants' motion being deemed unopposed, and that plaintiff's case may be dismissed for failure to prosecute. (*See id.*)  This order, like all orders and correspondence in this case, was duly served upon plaintiff. (ECF No. 21, Cert. of Service.)

On May 22, 2012, defendants' filed a letter informing the court that plaintiff had still not served an opposition or any other correspondence upon defendants. (*See* ECF No. 23, Ltr.)  Finally, on June 26, 2012, with plaintiff still having failed to serve or file an opposition to defendants' motion to dismiss, the court issued an order deeming defendants' motion fully submitted and unopposed. (*See* Order of June 26, 2012.)  A copy of this order was also duly served upon plaintiff. (ECF No. 24, Cert. of Service.)

## DISCUSSION

### I. Legal Standard

Pursuant to Rule 12(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted." *Id.*  "In order to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice"; "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 678-79.

In the context of a motion to dismiss a complaint pursuant to Rule 12(b)(6), the Second Circuit has advised that "[a] pro se complaint should not be dismissed unless 'it appears beyond doubt that the plaintiffs can prove no set of facts in support of [their] claims which would entitle [them] to relief.'" *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Additionally, when considering a motion to dismiss a pro se complaint, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Id.* at 146 (alterations in original) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

Moreover, a district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d

6

569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
> (2) plaintiff was given notice that further delay would result in dismissal;
> (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with

7

no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

**II.     The Instant Case**

In plaintiff's case, all five factors weigh in favor of dismissal.  First, plaintiff has neither advanced his claims nor opposed defendants' motion to dismiss.  (*See generally* Docket No. 11-CV-5197.)  Instead, plaintiff has allowed his case to lie dormant with no activity on his part since first filing his complaint in August of 2011, a year and a half ago.  This length of time weighs in favor of dismissal.  *See, e.g.*, *Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *8-9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more).  Second, plaintiff has previously been informed that further inactivity or failures to comply with court orders could lead to defendants' motion to dismiss being deemed unopposed, and that plaintiff's action may be dismissed for failure to prosecute.  (*See* Order of Apr. 10, 2012.)  Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants.  *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43).  Fourth, this dormant case has remained on the court's docket for a year and a half and there is no indication that plaintiff will move it forward in the future.  Finally, no

lesser sanction than dismissal is likely to be effective in light of plaintiff's longstanding failure to respond to defendants' motion to dismiss or to the court's orders directing plaintiff to take action on pain of possible dismissal.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully requested to enter judgment in favor of defendants and to close this case. Counsel for defendants is respectfully requested to serve a copy of this Memorandum and Order on *pro se* plaintiff at the Bare Hill Correctional Facility and to file a certificate of service on the docket no later than February 20, 2013.

**SO ORDERED.**

Dated:    February 19, 2013
            Brooklyn, New York

                                        _____/s/_____

                                        KIYO A. MATSUMOTO
                                        United States District Judge
                                        Eastern District of New York